IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-CR-20-H

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| JOANNE SESSION SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an officer with the Johnston County Sheriff's Office. Defendant presented the testimony of the proposed third-party custodian, her sister-in-law. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

**Background**

Defendant was charged in 42 counts of a 43-count indictment on 16 January 2013. Count 1 charges her with conspiracy to distribute and possess with the intent to distribute 280 grams or more of cocaine base (*i.e.*, crack) beginning in or around January 1990 and continuing up to and including 21 December 2011 in violation of 21 U.S.C. § 846. The remaining counts are for

distribution of crack and, in one instance, powdered cocaine as well, on 41 separate occasions between 22 July 2011 and 21 December 2011, in certain instances with other persons, in violation of 21 U.S.C. § 841(a)(1) and, when with others, 18 U.S.C. § 2 as well.  (*See* Indict., cts. 2-14, 16-43).

The evidence presented at the hearing showed that defendant ran a crack distribution organization in Johnston County responsible for the distribution of about 153 kilograms of crack over the more than 20 years that it operated, typically distributing less than 3 grams or less in each sale.  Most transactions occurred at defendant's home, but many were conducted at other locations, in numerous instances using messengers.  Evidence of this organization includes audio and video recordings of the 41 controlled purchases which are the subject of the indictment; laboratory confirmation of the controlled substances used in these transactions; statements from 15 witnesses implicating defendant; recovery of crack and drug paraphernalia from defendant's home (including a gram of cocaine inside defendant's genitalia) in a search of the home on 18 November 2011 by state authorities; and the discovery of a sophisticated video surveillance system in defendant's home during the search.

Defendant used multiple people as delivery people for the crack she sold, including a woman who is mentally and physically disabled.  She has been witnessed cooking crack in the company of children and cutting crack at a table where children were eating.  She made seven of the controlled sales after the search of her home, the first one three days afterward.  (*See* Indict., cts. 37 -43).  During that transaction, defendant joked with a co-conspirator about how police missed an ounce of crack hidden in a couch.  In a spontaneous statement when arrested on the instant charges, defendant admitted to distributing "small dope" (*i.e.*, small quantities at a time), but denied distributing "big dope."

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the drug-related nature of the offenses charged; the large scale of defendant's drug organization in terms of duration, volume of drugs distributed, and number of people involved; defendant's operation of the organization over extended periods when she was on state probation and/or state pretrial release; defendant's disregard not only of the law, but of basic social norms in furtherance of her drug trafficking (thereby enhancing the danger she presents), including her use of a mentally and physically disabled person as a drug courier, processing of crack in the presence of children where they could ingest it, and conducting drug transactions at her home when children were present; the extended term of imprisonment defendant is likely to receive if convicted, which could operate as a life term given her age (56); defendant's criminal record, including a felony conviction, 15 misdemeanor convictions, and 5 failures to appear; defendant's history of cocaine use; the unsuitability of the proposed third-party custodial arrangement due to the proposed custodian's absence from the home for work, and the extent of the risk of flight and danger presented by defendant; and the other findings and reasons stated in open court.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility

separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 1st day of February 2013.

_____
James E. Gates
United States Magistrate Judge